IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Andrea Spoltore, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-125 (JJF) |
| ) | |
| Wilmington Professional Assocs., Inc. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SECOND MOTION TO COMPEL**

Pursuant to Fed. R. Civ. P. 37, L.R. 37.1 and ¶ 5 of the Court's Scheduling Order (D.I. 10), defendant seeks an order compelling plaintiff to require her medical experts to provide documents and testimony with respect to her mental and emotional history and conditions. In support of its motion, defendant states as follows:

1.    This is the fourth discovery motion in this case that relates to plaintiff's attempts to foreclose defendant from discovery into her medical history concerning mental and/or emotional conditions. Given that these motions address many of the same issues, defendant hereby incorporates by reference its answering brief in opposition to plaintiff's motion to quash, (D.I. 46); its motion to compel (D.I. 56); and its response to plaintiff's motion for a protective order. (D.I. 59). Subsequent to the filing of these earlier motions, the defendant has now taken the depositions of the two physicians who plaintiff identified as witnesses who will provide expert testimony on her behalf at trial: Neil S. Kaye, M.D. on January 20, and Elizabeth A. Jackovic, D.O. on January 25, 2005.[1]

2.    Dr. Kaye will be testifying about the alleged emotional injuries that plaintiff suffered due to her termination by defendant. (D.I. 56, Ex. C). Pursuant to her claim under the Americans with Disabilities Act ("ADA"), plaintiff is seeking damages with respect to such alleged injuries. According to Dr. Kaye's deposition testimony, he will testify at trial that his opinion is that plaintiff suffered "an adjustment disorder with mixed anxiety and depression" from March 6, 2002 and May 9, 2002 that was caused by the termination. (Ex. A at 13-15). During his deposition, however, Dr.

---

[1] Relevant portions of the deposition transcripts of Dr. Kaye and Dr. Jackovic are attached as exhibits to this motion.

10000475.WPD

Kaye repeatedly refused to answer questions (or was directed by plaintiff's attorney not to answer questions) about the plaintiff with respect to her mental or emotional condition both before and after that two month period. (Ex. A at 12-13, 43-47).

        3.      As explained in defendant's first motion to compel, Dr. Kaye's expert report referenced the fact that he had reviewed records in connection with mental health treatment that plaintiff received in 2004. (D.I. 56, Ex. C). While stating his opinion that he did not believe that this treatment related to the alleged emotional injury she suffered for two months in 2002, he refused to state why that was his opinion. In fact, Dr. Kaye would not even disclose whether plaintiff even had a prior history of the mental health conditions for which she sought treatment in 2004.

> Q. ...Your letter refers to undisclosed mental health issues that you've testified shows up in the medical record in 2004. Is there any indication that any of those mental health issues existed prior to 2004?
> A. I don't think I can answer that question.
> Q. Why can't you answer that question?
> A. I think it may take me into areas that are privileged.

(Ex. A at 44).

        4.      Defendant has the right through discovery to determine whether the alleged emotional injuries plaintiff has suffered were caused by her termination; and "must be allowed to inquire into all relevant information upon which [the physician's] opinions [are] based not necessarily only information directly related to [plaintiff's] employment." *Bowen v. Parking Auth. of the City of Camden*, 214 F.R.D. 188, 195 (D.N.J. 2003) (quoting *Bridges v. Eastman Kodak Co.,* 850 F. Supp. 216, 223 (S.D.N.Y. 1994); *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298 (E. D. Pa. 1983). It was the plaintiff who elected to put her mental health history at issue by claiming emotional injury damages in this case. The defendant has the right to test her retained expert's conclusions by finding out the basis for his opinion that certain mental health treatment relates to the termination, while others do not. As stated in *Lowe*:

> Plaintiff contends that the defendant has caused plaintiff personal injury by way of emotional distress so severe as to require psychiatric care for which compensatory and punitive damages are sought. The right of privacy as to plaintiff's personal history that a plaintiff may otherwise have must be balanced against the defendant's right to a fair trial. Likewise, the claim of privilege of confidential communications between plaintiff and her treating psychiatrist and other physicians cannot be

sustained where such communications were considered by the psychiatrist or physician and were a basis, in part at least, of the psychiatrist or other physicians' diagnoses and opinions.

*Id.* at 298.

5.  Dr. Jackovic is expected to provide expert testimony at trial both with respect to plaintiff's alleged emotional injuries as well her neck condition. (D.I. 56, Ex. C). Like Dr. Kaye, at her deposition she repeatedly refused to answer questions about her patient's mental health history and treatment. (Ex. B at 22, 24, 40). She testified that Spoltore suffered from "situational anxiety/depression" from "March 20, 2002 until August 8, 2002." (Ex. B at 22-23)[2]. During that period, which began two weeks after plaintiff's termination, Jackovic prescribed medication to treat her depression and anxiety. Jackovic would not, however, explain for how long or why Spoltore continued on certain medications after August 8, 2002.

> Q. ...how long a period of time did she continue to suffer from situational anxiety/depression?
> A. She was feeling – doing great, in her words, on August 8th of 2002 while she was on medication.
> Q. How long did she stay on medication?
> A. It is part of the information I am not able to discuss.
> Q. So as of August 8th, 2002, Ms. Spoltore was continuing to receive medication for her situational anxiety and depression and that this medication continued after that date and continued into the period where you're telling me you can't talk about it; is that correct?
> A. Correct.

(Ex. B at 24-25). In fact, Jackovic even refused to explain what she meant in the unredacted portion of her expert report with respect to causation:

> Q. Let's turn back to the letter that I gave you initially, your report of October 7th, 2004. And I'd like you to turn to the very last sentence in that letter. The last sentence reads, "I firmly believe that the emotional distress is in part related to the termination of her employment."
> Do you see that?
> A. Yes.
> Q. Now, in addition to the termination of her employment, what else is the emotional distress referred to in your letter related to?
> A. As I understand, I'm not able to answer those questions based on what was redacted from her medical record.

---

[2] At another point in her deposition, Jackovic testified that the situational anxiety/depression is a chronic condition that she, apparently, continues to suffer. (Ex. B at 39).

10000475.WPD                                    3

(Ex. B at 39-40). Jackovic was not allowed to explain her expert report, while at the same time acknowledging the existence of other stressors in plaintiff's life at the time of the termination. (Ex. B at 32-34).

6. According to Dr. Kaye, Spoltore suffered the emotional injury for which she seeks damages for approximately two months, while Dr. Jackovic testified that she suffered from it for closer to five months, or perhaps even that she continues to suffer from it through to the present. While Dr. Kaye refused to testify as to why he believed that the mental health issues for which she received treatment in 2004 were not related to any pre-existing condition, Dr. Jackovic refused to testify as to how long after August 2002 Spoltore remained on medication relating to the conditions she allegedly suffered as a result of her termination. While a physician's desire and obligation to maintain his or her patient's privacy is understandable in many contexts, it is inconsistent with plaintiff's obligation in this case not to obstruct defendant's attempts through discovery to determine whether any emotional injury was suffered by the plaintiff as a result of the termination, or whether the alleged suffering was simply the product of pre-existing conditions or other issues causing stress in her life.

7. Plaintiff's attempts to prevent defendant from obtaining highly relevant discovery are completely without merit. Therefore, defendant asks that the Court grant an award of attorneys' fees and costs in connection with this motion.

SMITH, KATZENSTEIN & FURLOW LLP

  /s/ Laurence V. Cronin
Laurence V. Cronin (ID No. 2385)
800 Delaware Avenue, 7th Floor
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405
Email: LVC@skfdelaware.com
Attorneys for Defendant Wilmington Professional Associates, Inc.

Date:    March 8, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Andrea Spoltore, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| xvii. | : | C.A. No. 04-125 (JJF) |
| | : | |
| Wilmington Professional Assocs., Inc. | : | |
| | : | |
| Defendant. | : | |

### Rule 37(a)(2)(A) & (B) and Local Rule 7.1.1, Certification of Counsel

Counsel for defendant, Laurence V. Cronin, hereby certifies that I have made good faith efforts to secure the requested information without court action, as detailed in the excerpts of the depositions of Dr. Kaye and Dr. Jackovic attached to this motion. In addition, the undersigned confirmed through electronic mail communication with the plaintiff's counsel on March 4, 2005 that her position has not changed with respect to the subject of this motion.


    /s/ Laurence V. Cronin
Laurence V. Cronin (#2385)

10000475.WPD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **8th** day of **March, 2005,** copies of the foregoing *Defendant's Second Motion to Compel* was served on the following parties in the manner indicated:

| *VIA FIRST CLASS MAIL* | *VIA E-FILING* |
|---|---|
| Kimberly D. Sutton, Esquire<br>Obermayer Rebmann Maxwell<br>& Hippel LLP<br>20 Brace Road, Suite 300<br>Cherry Hill, NJ 08034-2634 | Steven T. Davis, Esquire<br>Obermayer Rebmann Maxwell<br>& Hippel LLP<br>3 Mill Road, Suite 306A<br>Wilmington, DE 19806 |

    /s/ Laurence V. Cronin
Laurence V. Cronin (#2385)