IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Andrea Spoltore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-125 (JJF) |
| | ) | |
| Wilmington Professional Assocs., Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S CROSS-MOTION
FOR A PROTECTIVE ORDER**

Defendant responds to Plaintiff's Cross-Motion for a Protective Order ("the cross-motion") (D.I. 80) as follows:

1. Plaintiff's cross-motion also serves as her response to defendant's motion to compel. (D.I. 79). As with the earlier motions and cross-motions relating to defendant's attempts to obtain documents and testimony with respect to plaintiff's mental and emotional condition as it existed at the time of her termination (D.I. 29, 56, 58 and 79), Spoltore continues to mischaracterize the reasons why defendant is seeking this discovery, while misapplying the applicable case law.

2. Plaintiff's objective in preventing defendant access to documents and testimony regarding treatment she received for mental and emotional conditions is readily apparent. She wants to proceed to trial and have her two physicians testify that she suffered a medically diagnosable injury as a result of her termination, and prevent defendant from being able to offer contrary expert testimony as to that issue. The treatment that plaintiff received in 2004 for mental health issues may or may not relate to the anxiety and depression that she allegedly suffered as a result of her termination in 2002. However, one of her experts, Neil Kaye, M.D., has plainly raised the possibility that the conditions for which plaintiff sought treatment in 2004 pre-existed that treatment. (D.I. 79 at 2). In fact, from the little information that plaintiff has disclosed about the 2004 treatment, it appears to relate to depression (at least in part), one of the conditions that defendant allegedly caused through the termination in 2002.

10000845.WPD

        3.        As explained in defendant's first motion to compel, the plaintiff has produced two expert reports with respect to her emotional pain and suffering claim. (D.I. 56). The report from Dr. Kaye refers to medical records he reviewed from treatment she received in 2004, and he concludes that this treatment did not relate to the emotional injury allegedly suffered from the termination in 2002. (D.I. 56, Ex. C). As explained in defendant's first motion to compel, Rule 26 requires plaintiff to provide copies of all documents that it provided to its testifying experts. (D.I. 56 at 3). In response to that argument, the plaintiff is silent. (D.I. 58, 59). The October 7, 2004 report from Elizabeth Jackovic, D.O. was originally produced in a redacted form on November 30, 2004. (D.I. 56, Ex. C). Subsequent to production of the original redacted report, that letter has subsequently been produced twice more by the plaintiff, each with slightly different redactions. (Exs. A and B). In one of the later redacted forms of the letter, however, Dr. Jackovic wrote that on July 27, 2004, the plaintiff came to her "complaining of depression and throat pain." (Ex. B). While it is apparently Dr. Kaye's opinion that the depression plaintiff allegedly suffered in March 2002 is unrelated to the depression she complained of July 2004, and different from the depression she suffered from prior to her termination (D.I. 79, Ex. A at 25-30), the defendant has the right to determine whether it will accept Dr. Kaye's conclusion, or whether it will offer contrary evidence regarding the cause or causes of the depression and anxiety she allegedly suffered as the result of her termination.[1] Without the discovery it seeks, however, defendant cannot make that determination, without blindly accepting or rejecting plaintiff's retained expert's conclusion.

        4.        In her motion, plaintiff relies on *O'Quinn v. New York University Medical Center,* 163 F.R.D. 226 (S.D.N.Y. 1995), apparently for the proposition that because she is not claiming an ongoing emotional harm, she has not placed her medical condition in controversy. (D.I. 80 at 2). What plaintiff fails to explain, however, is that *O'Quinn* only addresses the standard applicable for determining when a plaintiff must make themselves available for a medical or psychological examination pursuant to Rule 35. Conversely, in *Bowen v. Parking Authority of the City of Camden*,

---

[1] At his deposition, Dr. Kaye would not even acknowledge that one of the conditions for which plaintiff sought treatment in 2004 was depression, and was directed by plaintiff's counsel not to answer questions about whether depression was one of the conditions at issue in 2004. (D.I. 79, Ex. A at 45-46).

10000845.WPD         2

214 F.R.D. 188 (D.N.J. 2003), the Court expressly recognized the distinction between requiring a plaintiff to undergo an examination pursuant to Rule 35, and otherwise provide discovery pursuant to Rule 26. As stated by the Court:

> The finding that the defendants are not entitled to a Rule 35 mental examination does not, however, preclude the defendants from obtaining discovery concerning the plaintiff's psychiatric history. To the contrary, the psychological history of the plaintiff is governed by Rule 26(b), not Rule 35(a). The court finds that the plaintiff's psychological history is relevant to the plaintiff's claim that the emotional distress emanated from his employment. The defendants may question the plaintiff on these issues, request psychological records, and depose Dr. Patel, as well as any other therapist, on his treatment of the plaintiff.

*Id.* at 195. In this case, the defendant is simply exercising its right to discovery into whether the alleged emotional injuries resulting from the termination were caused, or partially caused, by other stressors or pre-existing conditions. By preventing access to both her medical records and her testifying experts, the plaintiff has frustrated defendant's legitimate right to seek this information through discovery.

      5. Based on the forgoing, and for the reasons set forth in defendant's first and second motions to compel (D.I. 56, 79), defendant asks that: (1) plaintiff's motion for a protective order be denied; (2) defendant be granted the relief requested in its motion to compel; and (3) defendant be awarded attorneys' fees and costs in connection with all of the five discovery motions at issue.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Laurence V. Cronin
Laurence V. Cronin (ID No. 2385)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405
Email: LVC@skfdelaware.com

Date: March 18, 2005    Attorneys for Defendant Wilmington Professional Associates, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **18th** day of **March, 2005,** copies of the foregoing *Defendant's Answer to Plaintiff's Cross-Motion For A Protective Order* were served on the following parties in the manner indicated:

*VIA FIRST CLASS MAIL*

Kimberly D. Sutton, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
20 Brace Road, Suite 300
Cherry Hill, NJ 08034-2634

*VIA E-FILING*

Steven T. Davis, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
3 Mill Road, Suite 306A
Wilmington, DE 19806


　　　　　　　　　　　　　　　　　　　/s/ Laurence V. Cronin
　　　　　　　　　　　　　　　　　　Laurence V. Cronin (#2385)