# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREA L. SPOLTORE, )<br>f/k/a ANDREA L. CADWALLADER, )<br>)<br>Plaintiff, )<br>)  C.A. No. 04-125 (JJF)<br>v. )<br>)<br>WILMINGTON PROFESSIONAL )<br>ASSOCIATES, INC., )<br>)<br>Defendant. ) | |

## PROTECTIVE ORDER GOVERNING PLAINTIFF'S
## CONFIDENTIAL HEALTH INFORMATION

Upon joint stipulation and motion by plaintiff Andrea L. Spoltore and defendant Wilmington Professional Associates, Inc. pursuant to Federal Rule of Civil Procedure 26(c), for entry of a protective order to protect documents and information containing plaintiff's confidential health information that may be produced in this case, and for good cause shown, it is hereby

**ORDERED:**

1. The Protective Order shall govern any documents or information that plaintiff designates as containing or constituting her "confidential health information."

2. It is understood by both parties that all such documents specifically so designated by plaintiff, and the information contained in such documents, are confidential as the documents contain personal and confidential health information.

3. All such documents so designated by plaintiff, and the information contained in such documents, shall be treated as confidential by all persons covered by this Agreement,

and shall be used solely for the prosecution of this action. No such document, and no information contained in any such document, shall be disclosed to anyone, in any manner whatsoever, except as provided herein.

4. Nothing in the Protective Order shall be construed to prevent counsel for either party from disclosing such documents, and the information contained in such documents, to respective counsel's support staff in the preparation or presentation of either party's case, or from exhibiting any such documents or confidential information to said respective counsel's support staff or to deponents during the course of their depositions, or to court reporters.

5. Disclosure shall not be made of any such document to any individual including expert witnesses (but excluding counsel or support staff) unless and until counsel shall have first presented to such individual a copy of the Protective Order. All counsel shall require such person to read the Protective Order and to acknowledge reading and understanding the terms of the Protective Order by placing his or her signature on a separate sheet attached to the Protective Order. All such persons shall be bound by the terms of the Protective Order and shall not permit disclosure or exhibition of the documents, or information contained in such documents, other than pursuant to the terms of the Protective Order. It is expressly agreed that the only employee of defendant to whom disclosure can be made is its president, Robert W. Lynn.

6. Plaintiff shall deem any documents produced which she believes to be subject to this Order confidential and shall label or stamp such documents accordingly. Any documents deemed and labeled or stamped confidential shall be filed under seal with the

clerk of the Court, or be subject to such further restrictions on their subsequent availability as the Court may direct. Any documents deemed confidential pursuant to the Protective Order and filed with the Court under seal shall be returned to the parties thirty (30) days following the final disposition of this matter.

      7.      The parties may consent that a document produced pursuant to discovery may be removed from the scope of the Protective Order. Such consent shall be indicated by a writing that is signed by counsel who had originally designated the document as falling within the scope of the within Protective Order.

      8.      If a party considers a document not to be confidential and desires the removal of such designation, counsel for that party shall discuss the matter with the opposing counsel to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

      9.      It is further understood that no copies shall be made of any documents produced by either party, unless necessary in connection with this litigation.

      10.      The termination of proceedings in this action shall not relieve any person to who confidential material has been disclosed from the obligations of the Protective Order, unless the Court orders otherwise. At the termination of proceedings in this action, the parties will promptly destroy all copies of documents identified as covered by this Order.

      11.    This order is not rendered to the prejudice of either party to seek further protective orders throughout the process of discovery or otherwise during this litigation.

**IT IS SO ORDERED.**

DATE: _____               _____
                                                                                        JUDGE