# OBERMAYER
## REBMANN MAXWELL & HIPPEL LLP
*Attorneys At Law*

1617 JFK Blvd., 19th Floor
Philadelphia, PA 19103-1895
(215) 665-3000  Fax (215) 665-3165
www.obermayer.com

Steven T. Davis
Direct Dial (215) 665-3128
E-Mail: Steven.Davis@Obermayer.com

Delaware Office
3 Mill Road, Suite 306A
Wilmington, DE 19806
(302) 655-9094  Fax (302) 658-8051

**PLEASE REPLY TO PHILADELPHIA**

April 12, 2005

The Honorable Mary Pat Thynge, U.S.M.J.
United States District Court
For the District of Delaware
844 N. King Street
Lock Box 8 – Room 4209
Wilmington, DE 19801

Re:  Andrea L. Spoltore, f/k/a Andrea L. Cadwallader v.
     **Wilmington Professional Associates, Inc.**
     **Docket No.: 04-125 JJF**

Dear Magistrate Judge Thynge:

Please accept this letter on behalf of plaintiff, Andrea Spoltore, concerning Your Honor's Order of April 7, 2005 regarding the various discovery motions that were before the court that date. Specifically, Paragraph 3 of that Order states, in part, "plaintiff shall reimburse defendant for the following expenses incurred by defendant for the continued deposition of plaintiff's experts, Drs Kaye and Jackovic and of plaintiff; any fees charged by either expert and the deposition fee charged by the Court Reporter."

Although I have not yet received a copy of the transcript of the hearing, Kimberly D. Sutton, Esq., who appeared at the hearing on behalf of the plaintiff, has advised me that it was her understanding that the defendant's requests for fees and sanctions in the various motions had been denied. Ms. Sutton has indicated that her notes reflect that the Court denied the defendants' requests for sanctions in their various motions, since the plaintiff's objections, relating to plaintiff's medical records, which were first raised in the Motion to Quash a Subpoena to Elizabeth Jackovic. D.O. (filed on September 8, 2004), and again, in the Motion for a Protective Order (filed on December 20, 2004), were not addressed by the Court by the time the depositions of Drs. Neil S. Kay and Elizabeth A. Jackovic, were conducted by defendant on January 20, and January 25, 2005, respectively.

We understand that during the hearing of April 7, 2005, defendant's counsel acknowledged that, although he included a footnote in one of the briefs on the discovery motions, he was willing to enter into a protective order, that he had not provided plaintiff's counsel with a proposed qualified protective order that complied with the provisions of the Health Insurance Portability and Accountability Act (hereinafter "HIPAA") before the depositions of Drs. Kaye and Jackovic were conducted. Therefore, in light of the plaintiff's objections to the subpoenas filed by defendants, and the pending discovery motions that had not yet been resolved, Dr. Jackovic and Dr. Kaye were not authorized to disclose the protected health information that was the subject of Plaintiff's motions, pursuant to the express mandates of the "litigation" provisions of HIPAA. 45 C.F.R. Section 164.512(e)(1)(iv).

## Over a Century of Solutions

**OBERMAYER, REBMANN, MAXWELL & HIPPEL LLP**

The Honorable Mary Pat Thynge, U.S.M.J.
United States District Court
April 12, 2005
Page 2

In light of what we believe to have been the Court's ruling at the hearing of April 7, 2004, or in the alternative, the justification that existed for not disclosing the plaintiff's protected health information prior to the Court's resolution of the issues in the various discovery motions, it is respectfully requested that the Order of April 7, 2005 be amended to omit the provision that sanctions the plaintiff.

Thank you for Your Honor's attention to this matter.

Respectfully yours,

*[signature]*

STEVEN T. DAVIS

STD/ldh

cc: Laurence V. Cronin, Esquire (Via E-Filing)

611966