

**Smith Katzenstein Furlow LLP**
*Attorneys at Law*

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Roger D. Anderson
Joelle E. Polesky
Robert K. Beste
Etta R. Wolfe

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

April 14, 2005

*VIA E-FILING*

The Honorable Mary Pat Thynge
U. S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:  *Spoltore v. Wilmington Professional Associates, Inc.*
     C.A. No. 04-125 JJF

Dear Judge Thynge:

I have reviewed Mr. Davis' letter to Your Honor of April 12, 2005, which was e-filed earlier this afternoon. (D.I. 95). Mr. Davis' statement that no sanctions were imposed is, of course, mistaken. Enclosed for Your Honor's convenience is a copy of the transcript of the hearing. During the hearing, the Court plainly stated that while defendant's request for attorneys' fees was denied, plaintiff would be responsible for the costs incurred by having to redepose Dr. Jackovic and Dr. Kaye. (Tr. 21-22, 44-45).

In addition, Mr. Davis' reference to a comment I made at the hearing with respect to defendant's willingness to enter into a protective order mischaracterizes the context in which the comment was made. (Tr. 31-39). In fact, it appears that Mr. Davis is asserting that if we had proposed a form of protective order in response to plaintiff's original motion to quash, then it would not have been necessary to file any of the discovery motions that followed. Such an assertion, however, is belied by all of plaintiff's filings in which it was argued that defendant was not entitled to the discovery it was seeking. Plaintiff has never argued that it was willing produce the information at issue upon entry of a qualified protective order.

10001807.WPD
02428 PLDG

The Honorable Mary Pat Thynge
April 14, 2005
Page 2

The Court's order of April 7, 2005 clearly conforms to what was stated during the hearing earlier that day. The order should not be revised and the sanction that was imposed should be enforced.

If Your Honor has any questions regarding defendant's position on this matter, I am available at the convenience of the Court.

Respectfully,

Laurence V. Cronin (ID No. 2385)

LVC/vkm

Enclosure

cc:  Clerk of Court (via e-filing w/ enc.)
     Steven T. Davis, Esquire (via e-filing w/ enc.)
     Kimberly D. Sutton, Esquire (via facsimile w/o enc.)

10001807.WPD
02428 PLDG