

# OBERMAYER
## REBMANN MAXWELL & HIPPEL LLP
*Attorneys At Law*

1617 JFK Blvd., 19th Floor
Philadelphia, PA 19103-1895
(215) 665-3000  Fax (215) 665-3165
www.obermayer.com

*Steven T. Davis*
Direct Dial  (215) 665-3128
E-Mail: Steven.Davis@Obermayer.com

Delaware Office
3 Mill Road, Suite 306A
Wilmington, DE  19806
(302) 655-9094   Fax (302) 658-8051

May 3, 2005

The Honorable Mary Pat Thynge, U.S.M.J.
United States District Court
For the District of Delaware
844 N. King Street
Lock Box 8 – Room 4209
Wilmington, DE  19801

Re:  Andrea L. Spoltore, f/k/a Andrea L. Cadwallader v.
     Wilmington Professional Associates, Inc.
     Docket No.:  04-125 JJF

Dear Magistrate Judge Thynge:

Please accept this letter on behalf of plaintiff, Andrea Spoltore, in response to the correspondence from Laurence V. Cronin, Esq., on behalf of defendant Wilmington Professional Associates (hereinafter WPA) dated May 2, 2005.  In his letter, Mr. Cronin requests that a conference be conducted to discuss his request for discovery from "additional facilities where the plaintiff has recently received treatment."  We are advised that a telephone conference is being conducted on this issue on May 5, 2005 at 5:00 p.m.

On April 27, 2005, we advised Mr. Cronin that the plaintiff objected to his requests for the medical records from the "additional facilities where the plaintiff has recently received treatment" because: (a) those medical records do not fall within the scope of Fed. R. Civ. Pro. 26(a), since they were never provided to the plaintiff's treating physician, Dr. Jackovic or to plaintiff's expert, Dr. Kaye; and (b) they are privileged and protected from disclosure by Title 42 U.S.C. § 290dd-2(a), which states:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . . be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

## Over a Century of Solutions

| Philadelphia | Harrisburg | Pittsburgh | Cherry Hill | Vineland | Wilmington |
| Pennsylvania | Pennsylvania | Pennsylvania | New Jersey | New Jersey | Delaware |

The Honorable Mary Pat Thynge, U.S.M.J.
May 3, 2005
Page 2

Subsection (b) of section 290dd-2 essentially limits permissible disclosure to: (1) occasions when there is consent; absent consent, (2) in a medical emergency; (3) for scientific research; or (4) by court order. 42 U.S.C. § 290dd-2(b)(1), (2). In the latter instance, the court must make a finding of good cause before ordering disclosure. Section 290dd-2(b)(2)(C). In assessing good cause, the court is directed to weigh the public interest and the need for disclosure against the injury to the patient, the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure. Section 290dd-2(b)(2)(C). The regulations go on to provide that "[a] court order under these regulations may authorize disclosure of confidential communications made by the patient to a program in the course of diagnosis, treatment, or referral for treatment only if" one of three conditions is met: (1) a threat to life or limb, or of child abuse; (2) prosecution of "an extremely serious crime" such as homicide, rape, or assault; or (3) litigation "in which the patient offers testimony or other evidence pertaining to the content of the confidential communications." 42 C.F.R. § 2.13(a), § 2.63(a)(1), (2), (3). Finally the regulations define "records" as "any information, whether recorded or not, relating to a patient" that was received or acquired by the facility in the course of treatment. Id. § 2.12. Anyone who violates the statute or corresponding regulations is subject to the criminal penalty of a fine. 42 U.S.C. § 290dd-2(f); 42 C.F.R. § 2.4.

The Congressional intent to vigorously protect the range of records that defendant WPA now seeks to obtain, has been held to be "unmistakable" in light of the sweep of the statute, the broad discretion delegated to the Secretary of Health and Human Services, and the provision for penalties. Whyte v. Connecticut Mutual Life Insurance Co., 818 F.2d 1005, 1009 (1st Cir. 1987) (Congress recognized that absolute confidentiality is necessary to insure successful treatment.). Under the circumstances, we object to defendant WPA's request for medical records from "additional facilities where the plaintiff has recently received treatment," that relate to treatments that were initiated two years after the plaintiff was terminated from her position by WPA.

WPA has not demonstrated "good cause" for disclosure of the medical records from the additional facilities where the plaintiff has recently received treatment. Therefore, Mr. Cronin's request should, respectfully, be denied.

Thank you for Your Honor's attention to this matter.

Respectfully yours,

/s/ *Steven J. Davis*

STEVEN T. DAVIS

STD/ldh
cc: Laurence V. Cronin, Esquire (Via E-Filing)

618829