AO 88 (Rev. 7/00) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF **DELAWARE**

| ANDREA L. SPOLTORE, | SUBPOENA IN A CIVIL CASE - *DUCES TECUM* |
|---|---|
| Plaintiff, | |
| v. | Case Number: 04-125 (JJF) |
| WILMINGTON PROFESSIONAL ASSOCIATES, INC. | |
| Defendant. | |

**TO:**   MEADOWWOOD HOSPITAL
575 S. DUPONT HIGHWAY
NEW CASTLE, DE 19720

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Obermayer Rebmann Maxwell & Hippel LLP<br>20 Brace Road, Suite 300<br>Cherry Hill, NJ 08034-2634 | MAY 27, 2005 AT 10:00 A.M.* |

■ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All records relating to Andrea Spoltore, f/k/a Andrea Cadwallader, SSN: [redacted] as defined in and in accordance with the attached order of Magistrate Judge Thynge of the United States District Court of the District of Delaware.
*Attendance at the deposition will be waived if the deponent produces the requested documents on or before May 27, 2005.*

| PLACE | DATE AND TIME |
|---|---|
| Obermayer Rebmann Maxwell & Hippel LLP<br>20 Brace Road, Suite 300<br>Cherry Hill, NJ 08034-2634 | MAY 27, 2005 AT 10:00 A.M. * |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  [signature]<br>/s/ Laurence V. Cronin (ID No. 2385)<br>Attorney for Defendant | DATE<br><br>May 12, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Smith, Katzenstein & Furlow LLP, 800 Delaware Avenue, P.O. Box 410, Wilmington, DE 19899
(302) 652-8400

cc: KIMBERLY D. SUTTON, ESQ.
STEVEN T. DAVIS, ESQ.

| PROOF OF SERVICE | |
|---|---|
| DATE<br>5/13/05<br>SERVED | PLACE<br>SAME |
| SERVED ON (PRINT NAME)<br>MEADOWOOD HOSP | MANNER OF SERVICE<br>ACCEPTED BY   MARSHA FORAKER |
| SERVED BY (PRINT NAME)<br>DENORRIS BRITT | TITLE<br>PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5/13/05
DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials; or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer of a party to travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREA L. SPOLTORE,<br>f/k/a ANDREA L. CADWALLADER,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON PROFESSIONAL<br>ASSOCIATES, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 04-125 (JJF)<br>)<br>)<br>)<br>) |

ORDER

THIS MATTER, having been brought before the Court by Laurence V. Cronin, Esq., of the law firm Smith, Katzenstein & Furlow LLP, counsel for defendant Wilmington Professional Associates, for an order granting defendant leave to subpoena the medical records, the treatment records and all other records of plaintiff Andrea Spoltore from MeadowWood Hospital, Rockford Center and Father Martin's Ashley in Havre de Grace, Maryland, relating to her hospitalizations at those facilities in 2004 and 2005 ("the requested records"); and plaintiff having objected to the defendant's application on the basis that the requested records are privileged and protected from disclosure by Title 42 U.S.C. § 290dd-2(a); and the Court having considered the documents submitted in support of the defendant's application and in opposition thereto; and having heard the arguments of counsel; and for the reasons placed on the record on May 5, 2005:

IT IS HEREBY ORDERED, this ___ day of May, 2005 as follows:

1.  Defendant's motion for leave to serve a subpoena on MeadowWood

{10002672.DOC}

Hospital, Rockford Center and Father Martin's Ashley, that requires those facilities produce all of the requested records, shall be and is hereby granted under the following conditions and limitations:

    a.    The subpoena shall require that MeadowWood Hospital, Rockford Center and Father Martin's Ashley produce all of the requested records, to plaintiff's attorney, Kimberly Sutton, Esquire, at the law offices of Obermayer, Rebmann, Maxwell & Hippel, at 20 Brace Road, Suite 300, Cherry Hill, New Jersey, 08034-2634.

    b.    MeadowWood Hospital, Rockford Center and Father Martin's Ashley shall produce the documents that are the subject of the subpoena, only to plaintiff's counsel, Kimberly Sutton, Esquire, at the law offices of Obermayer Rebmann Maxwell & Hippel, at 20 Brace Road, Suite 300, Cherry Hill, New Jersey, 08034-2634 and they shall not be produced to the defendant or its counsel.

    c.    Plaintiff's counsel, Kimberly D. Sutton, Esq., will then mark or cause to be marked, each page of the requested records received from those three facilities in a manner so that they can be easily identified as being produced pursuant to this order, and then, she shall immediately forward all of the requested records to the Honorable Mary Pat Thynge, United States Magistrate Judge, in a sealed envelope, for an *in camera* review by the Court.

    d.    Plaintiff's counsel, Kimberly D. Sutton, Esq., shall not produce the requested records to counsel for defendant, but he shall be provided with a copy of the transmittal letter(s) that will accompany the requested records that are being forwarded to the Court.

    2.    After reviewing the requested records produced by the three facilities

{10002672.DOC}

pursuant to this order, the Court will determine which, if any, of the requested records will be forwarded to counsel for the defendant.

3. All of the requested records that are produced to counsel for the defendant pursuant to this Order shall be deemed confidential and shall be subject to the protective order entered by the Court in this matter on April 13, 2005, with the exception that defendant's counsel may not show or discuss any portion of the requested records with anyone employed by defendant, or with any other attorney that represents the defendant other than those affiliated with Smith, Katzenstein & Furlow LLP, absent further order of the Court.

_____
The Honorable Mary Pat Thynge, U.S.M.J.

{10002672.DOC}