# OBERMAYER
### REBMANN MAXWELL & HIPPEL LLP
*Attorneys At Law*

1617 JFK Blvd., 19th Floor
Philadelphia, PA 19103-1895
(215) 665-3000  Fax (215) 665-3165
www.obermayer.com

*Steven T. Davis*
*Direct Dial  (215) 665-3128*
*E-Mail: Steven.Davis@Obermayer.com*

Delaware Office
3 Mill Road, Suite 306A
Wilmington, DE  19806
(302) 655-9094   Fax (302) 658-8051

**PLEASE REPLY TO PHILADELPHIA**

June 13, 2005

### CONFIDENTIAL DOCUMENT
### FILED UNDER SEAL PURSUANT TO
### PROTECTIVE ORDER DATED APRIL 13, 2005

The Honorable Mary Pat Thynge, U.S.M.J.
United States District Court
For the District of Delaware
844 N. King Street
Lock Box 8 – Room 4209
Wilmington, DE  19801

> **Re:  Andrea L. Spoltore f/k/a Andrea L. Cadwallader**
> **vs.  Wilmington Professional Associates, Inc.**
> **Docket No.: 04-125 JJF**

Dear Magistrate Judge Thynge:

Please accept this letter in response to counsel's letter to Your Honor dated June 8, 2005, in which the defendant provides the purported reasons that it seeks federally protected medical records from three alcohol rehabilitation facilities that treated the plaintiff two years after she was terminated from her employment by defendant (hereinafter "Defendant's Letter"). Defendant's Letter fails to demonstrate that defendant has "good cause" under 42 U.S.C. §290dd-2(a) to allow disclosure of the alcohol rehabilitation facilities' records.

First, defendant concedes that the information that is relevant to this action, that may be used for cross examination of experts, is "Any information that sheds light on plaintiff's mental or emotional condition **at or before the time of her termination**..." The records that defendant seeks are not relevant to those issues but rather, are relevant only to plaintiff's current mental or emotional condition, which is not at issue. See Goomar v. Centennial Live Insurance Co., 855 F. Supp. 319 (S.D. Cal. 1994) aff'd 76 F.3d 1059 (6th Cir. 1996). Therefore, the defendant has no basis to review the records that it seeks.

Secondly, defendant's reliance on O'Boyle v. Jensen, 150 FRD 519 (M.D. Pa 1993) is misplaced since that case is completely distinguishable. In O'Boyle v. Jensen, the patient was a chronic alcoholic, he was treated at the alcohol rehabilitation facility before his death and the "possibility could not be ruled out that death resulted from preexisting condition related to alcoholism or drug abuse." 150 F.R.D. 521.  Likewise, in Mulholland v. Dietz Company 896

## Over a Century of Solutions

| Philadelphia | Harrisburg | Pittsburgh | Cherry Hill | Vineland | Wilmington |
| Pennsylvania | Pennsylvania | Pennsylvania | New Jersey | New Jersey | Delaware |

The Hon. Mary Pat Thynge, U.S.M.J.
Page 2
June 13, 2005

F. Supp. 179, 180 (E.D. Pa 1994) plaintiff brought an action for personal injuries, and during discovery, admitted to having had an alcohol and drug problem at the time of the accident and to receiving treatment at a rehabilitation facility shortly thereafter. The Court found that the records from the rehabilitation facility were relevant since they may demonstrate that plaintiff's injuries may have been caused in whole or part by his own conduct, rather than the negligence of others. 896 F.Supp. at 180. In contrast here, there is no claim that alcohol played any role in the defendant's decision to fire the plaintiff on March 5, 2002.

In addition, the patient in O'Boyle v. Jensen had died, so the court did not have to weigh the important public policy principles underlying the legislative decision to provide nearly absolute confidentiality of the treatment records—the ability to insure successful substance abuse treatments. See Whyte v. Connecticut Mutual Life Insurance Co., 818 F.2d 1005, 1009 (1st Cir. 1987) (Congress recognized that absolute confidentiality is necessary to insure successful treatment). In contrast here, plaintiff's attempts at successful treatment are being frustrated by defendant's repeated attempts to intrude into those confidential areas. Defendant's tactics are designed to embarrass and humiliate the plaintiff and to deter the plaintiff from seeking any additional treatment that may be found to be necessary.

Defendant counsel's purported medical analysis, likewise fails to provide good cause for disclosure of the confidential medical records from the rehabilitation facilities. In fact, defendant's counsel concedes that despite the production of all of the plaintiff's medical records to date, and the discovery it has engaged in concerning those records, including depositions of the plaintiff, witnesses, and experts concerning events that occurred prior to May, 2004, the defendant has "no way of knowing at present when the plaintiff first began to suffer from Major Depressive Disorder." Yet, the precise date that condition arose is not relevant since Plaintiff has not asserted claims that defendant caused her to suffer Major Depressive Disorder. In addition, the absence of a diagnosis of major depressive disorder, by a medical expert, prior to her termination, and for two years thereafter, confirm that any attempts to provide a retrospective diagnosis at that time period, would be based solely on speculation and conjecture. See Goomar v. Centennial Live Insurance Co., supra. That is obviously why defendant has failed to produce any competent medical analysis to support its arguments to date.

Defendant also contends that "if plaintiff's disorder is so severe it makes her incapable of working, then she cannot claim future economic damages from defendant." However, there is no proof or claims that her current mental condition precludes her from working in the future. As defendant is obviously aware from the documents it was provided with from the plaintiff's subsequent employer, the plaintiff was out of work only a short period of time to accommodate each hospital admission, and shortly after her discharge, she returned to work and performed her work duties. Plaintiff was terminated from her subsequent position, in late December, 2004, because of the strict absentee policy that her subsequent employer enforced. Thus, defendant's contentions concerning symptoms that could, purportedly, be associated with "severe" depression, are not applicable here.

The Hon. Mary Pat Thynge, U.S.M.J.
Page 3
June 13, 2005

For the foregoing reasons, defendant has not demonstrated "good cause" for disclosure of the medical records from the additional facilities where the plaintiff has recently received treatment. Therefore, defendant's request for disclosure of those records should, respectfully, be denied.

Thank you for Your Honor's attention to this matter.

Respectfully yours,

/s/ *Steven J. Davis*

STEVEN T. DAVIS (No. 2731)

STD/bh
cc:  Laurence V. Cronin, Esquire (Via E-Filing)

629315