

**Smith Katzenstein Furlow LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

June 8, 2005

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Roger D. Anderson
Joelle E. Polesky
Robert K. Beste
Etta R. Wolfe

**VIA HAND DELIVERY**

The Honorable Mary Pat Thynge
U. S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

**CONFIDENTIAL
FILED UNDER SEAL PURSUANT
TO A PROTECTIVE ORDER
DATED APRIL 13, 2005**

Re:  *Spoltore v. Wilmington Professional Associates, Inc.*, C.A. No. 04-125 JJF

Dear Judge Thynge:

Thank you for the opportunity to respond to counsel's letter to Your Honor of June 1, 2005, in which plaintiff argues once again that "good cause" does not exist for release to the defendant of any of the documents recently produced to the Court for *in camera* review.

REDACTED

.[2] However, as with plaintiff's earlier oral and written submissions regarding both this issue and those surrounding the discovery motions previously resolved, she continues to misunderstand and/or mischaracterize defendant's reasons for seeking the documents at issue. Since she misstates the reasons for seeking the discovery, the authorities and argument she offers are of little value in resolving the issues surrounding these documents.

In her June 1 letter, plaintiff describes defendant's "strategy" as one designed to obtain plaintiff's medical records from May 2004 forward so that it can "obtain retrospective expert

REDACTED

---

[2] We have been advised by the court reporter that the transcript of the May 5 teleconference will not be available until tomorrow. If the Court desires to review it, we would be pleased to send a copy to chambers or file it under seal.

The Honorable Mary Pat Thynge
June 8, 2005
Page 2

testimony as to the Plaintiff's REDACTED condition at the time her employment was terminated ... in March 2002...." As has been previously stated, the defendant has not decided whether it will offer expert testimony as to the nature of the REDACTED injury that plaintiff claims resulted from her termination. However, what is clearly at issue is the credibility of the two medical experts that plaintiff has retained who will testify that plaintiff suffered REDACTED REDACTED as a result of her termination. As a matter of due process, defendant has the right to cross-examine those witnesses as to those opinions. Any information that sheds light on plaintiff's REDACTED condition at or before the time of her termination has been placed at issue due to plaintiff's decision to retain expert witnesses with respect to this issue.

REDACTED

REDACTED

The Honorable Mary Pat Thynge
June 8, 2005
Page 3

REDACTED

In addition, plaintiff continues to ignore the second reason that defendant is seeking these documents. Plaintiff has now twice produced an expert report from an economist providing projections with respect to plaintiff's future economic damages, all premised on her ability to work full-time until age 66.

REDACTED

---

[3] Counsel for defendant will write the Court separately to confirm what we understand to be the means by which the concerns expressed by counsel for REDACTED can be resolved. We will write separately with respect to that issue since that correspondence will be copied to counsel for that third party.

The Honorable Mary Pat Thynge
June 8, 2005
Page 4

REDACTED

In this case, the only reason that the documents at issue could lead to admissible evidence is because the plaintiff put them at issue by deciding to retain three experts to provide testimony with respect to these two claims.

REDACTED    By choosing to offer such expert testimony, however, defendant must be afforded the right to counter that testimony through meaningful cross-examination of plaintiff's witnesses and/or by offering its own expert testimony. The documents being requested, which are already subject to extraordinary safeguards pursuant to the negotiated order that permitted service of the subpoenas, may lead to admissible evidence in this case, as long as plaintiff plans to use the three expert witnesses she has identified.

If Your Honor has any questions regarding this matter, I am available at the convenience of the Court.

Respectfully,

Laurence V. Cronin (ID No. 2385)

LVC/vkm

Enclosure

The Honorable Mary Pat Thynge
June 8, 2005
Page 5

cc:     Clerk of Court (*via hand delivery w/ enc.*)
        Kimberly D. Sutton, Esquire (*via federal express w/ enc.*)
        Steven T. Davis, Esquire (*via federal express w/ enc.*)